In the Matter of T.G.T., Appellant.

No. 86–58.

District of Columbia Court of Appeals.

Argued Jan. 17, 1986.
Decided Jan. 17, 1986.
Opinion Oct. 7, 1986.

---

Ronald E. Horton, Public Defender Service, with whom James Klein and Jennifer P. Lyman, Public Defender Service, Washington, D.C., were on the motion for summary reversal, for appellant.

Paul Buxbaum, Asst. Corp. Counsel, with whom John H. Suda, Acting Corp. Counsel at the time the motion was filed, and Charles L. Reischel and William L. Davis, Deputy Corp. Counsel, Washington, D.C., were on the response to the motion for summary reversal, for appellee.

Before PRYOR, Chief Judge, and BELSON and TERRY, Associate Judges.

PER CURIAM:

At issue here is whether the Family Division of the Superior Court can permit the government to postpone the filing of a juvenile delinquency petition for up to five days and, at the same time, order detention or shelter care. The juvenile argues that the statute, D.C.Code § 16–2312 (1981), and due process of law require written notice of specific charges before the court can order detention or shelter care. We construe the statute to permit such a five-day postponement, but only if the government makes a clear showing of a legitimate state objective to be served by the postponement and if the juvenile is given reasonably specific notice of the nature of the charge, even though a formal petition not be filed at the initial hearing. We hold that the statute, so construed, affords due process, and deny appellant's motion for summary reversal.[1]

T.G.T., a 16–year-old juvenile, was arrested on January 12, 1986, on a complaint that he had stabbed James Burks. The following day, he appeared before Judge Wolf in the New Referrals Court of the Juvenile Branch of the Family Division of Superior Court for his initial hearing, as mandated by D.C.Code § 16–2312(a)(1).[2] At that time, the government did not file a delinquency petition. The government's reason for requesting the five-day continuance was that the complainant was hospitalized and the government wished to interview him "before making a final papering decision."

During the course of the initial hearing, the trial judge determined that detention appeared appropriate for T.G.T. In the absence of a formal petition, the trial court conducted a probable cause hearing on the charge set forth in the Metropolitan Police Department Juvenile Reporting Form (PD 319), assault with intent to kill while armed. After finding probable cause on that charge, the court ordered T.G.T. detained.

T.G.T. seeks summary reversal of the detention order. His principal argument is that the trial court lacked authority to detain him and violated his due process rights in that the government failed to file the petition required by D.C.Code § 16–2312(a)(2) (1981), which states:

When a child is not released as provided in section 16–2311—

\* \* \* \* \* \*

(2) a petition shall be filed at or prior to the detention or shelter care hearing.

The trial court, in granting the extension of time to file the petition, relied upon D.C.Code § 16–2312(g) which provides:

The [Family] Division at a detention or shelter care hearing may not postpone the determination of whether detention or shelter care is required. For good cause shown, however, the Division may grant a continuance of any other part of the hearing (including the filing of a petition) for a period not to exceed five days.

On its face, subsection (g) authorizes the court, for good cause, to grant the government a continuance of any part of the initial hearing, including the filing of a petition, for up to five days, except that a court may not delay its shelter care or detention determination. A problem of construction arises only because this subsection can be viewed as inconsistent with other parts of the statute.

Subsection (a) of § 16–2312 requires that a petition "be filed at or prior to" the

1. This interlocutory appeal from the trial court's detention order, pursuant to D.C.Code § 16–2328 (1981), came before us on appellant's motion for summary reversal. On January 17, 1986, we entered an order denying the motion and stated that this opinion would follow.

2. D.C.Code § 16–2312(a)(1) provides as follows:

(a) When a child is not released as provided in section 16–2311—

(1) a detention or shelter care hearing shall be commenced not later than the next day (excluding Sundays) after the child has been taken into custody or transferred from another court as provided by section 16–2302....

detention hearing while subsection (g) permits postponing that filing until up to five days after that hearing. Indeed, the entire procedure for conducting the initial hearing, outlined in subsections (a) through (f), seems to suggest that filing of a delinquency petition must precede the remaining parts of the initial hearing.[3] Subsection (g), however, expressly authorizes the government to seek a five-day continuance for filing a petition "for good cause shown."

■ We are persuaded by this unambiguous grant of authority that the statute as a whole must be read to authorize the court to permit the postponed filing where the government demonstrates good cause. We read the statute to require that in the ordinary course the government must file a petition prior to or at the initial hearing, but that upon a clear showing of good cause, the court may permit the government to defer filing the petition for up to five days.

Turning to appellant's due process argument, we acknowledge that the statutory requirement of prompt filing of the petition setting forth the charges embraced in § 16–2312(a)(2) is consistent with the principle that one should not be detained except on a specific charge. *See Mallory v. United States,* 354 U.S. 449, 454, 77 S.Ct. 1356, 1359, 1 L.Ed.2d 1479 (1957) (police may not arrest upon mere suspicion but only on probable cause); Super.Ct.Crim.R. 5 (officer making arrest shall take person without unnecessary delay before court; court shall inform defendant of complaint against him). *Cf. In re Gault,* 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967) (juve-

nile must have written notice of charges in advance of fact-finding hearing at which delinquency is determined).

The question arises whether the statutory grant of discretionary authority to postpone the filing of the petition until up to five days after the detention hearing comports with due process notice requirements. While the parties have referred us to no cases directly in point, we find some guidance in the case law governing postponement of a related phase of the juvenile intake process, the probable cause hearing. In *Schall v. Martin,* 467 U.S. 253, 104 S.Ct. 2403, 81 L.Ed.2d 207 (1984), the Supreme Court approved the statutory scheme employed by New York for the early stages of juvenile delinquency cases. While the Court focused principally on the pretrial detention provisions of the statute, it also considered the provisions that permitted pretrial detention of juveniles for a period of up to six days pending a probable cause hearing where there was serious risk that the youth might commit a crime.[4] *Id.* at 255–57, 104 S.Ct. at 2405–06. The Court held that the New York statute comported with the fundamental fairness required by due process. The Court used a two-pronged test for determining fundamental fairness: the statute must serve a legitimate state objective and it must provide procedural safeguards consistent with due process. *Id.* at 263–64, 104 S.Ct. at 2409–10. In examining the state interest, the Court emphasized that the state's *parens patriae* role in caring for juveniles may require that their liberty interest be subordinated to the state's "interest in preserving and promoting the welfare of the child." *Id.* at 265, 104 S.Ct. at 2410 (quot-

---

3. Section 16–2312(b) requires that the child's counsel receive a copy of the petition before the hearing; § 16–2312(c) requires the court to advise the parties and the child's counsel of the contents of the petition; § 16–2312(e) requires the court to hear evidence to determine whether there is probable cause to believe that the charges in the petition are true; and § 16–2312(f) requires shelter care or detention upon finding probable cause for the petition's allegations.

4. The Court noted that a delinquency petition, which must contain a precise statement of charges and facts alleged, originates delinquency proceedings. *Schall v. Martin, supra,* 467 U.S. at 258 n. 6, 104 S.Ct. at 2406 n. 6. The New York statute permitted a prepetition detention for up to 72 hours. The parties, however, did not challenge this provision. Brief for appellant Schall at 10, 13 n. 15. *Schall v. Martin, supra,* 15 Crim.L.Reprints 22 (BNA) at 167.

ing *Santosky v. Kramer,* 455 U.S. 745, 766, 102 S.Ct. 1388, 1401, 71 L.Ed.2d 599 (1982)). The Court held that detaining a child for a legitimate governmental interest and not for punishment bears a rational relation to that state objective. *Id.* at 274, 104 S.Ct. at 2415. Finding also that the procedural safeguards provided were adequate, *id.* at 277, 104 S.Ct. at 2416, the Court upheld the statute.

The Supreme Court observed in *Schall* that the authority to detain without determining probable cause is consistent with the Supreme Court holding which permits adult pretrial detention for five days without a probable cause hearing. *Id.* at 277 n. 28, 104 S.Ct. at 2417 n. 28 (citing *Gerstein v. Pugh,* 420 U.S. 103, 124 n. 25, 95 S.Ct. 854, 868 n. 25, 43 L.Ed.2d 54 (1975)). In *Gerstein,* the Supreme Court held that a five-day detention is not a "significant pretrial restraint of liberty" for which a probable cause determination is required. *Id.* at 125, 95 S.Ct. at 868. *See also United States v. Edwards,* 430 A.2d 1321, 1332 (D.C.1981) (en banc) (pretrial detention serves a regulatory rather than penal interest), *cert. denied,* 455 U.S. 1022, 102 S.Ct. 1721, 72 L.Ed.2d 141 (1982).

In this case, of course, we examine only that part of subsection 16–2312(g) that empowers the trial court to detain a juvenile while granting a five-day continuance for filing a petition. The provision of the same subsection permitting postponement of the probable cause hearing is not before us. Nevertheless, we think it appropriate to apply the same test of fundamental fairness that the Supreme Court applied in *Schall.*

■ Applying that test, we conclude that we should construe the statutory reference to good cause as a requirement that the government establish a legitimate state objective for the postponement. So construed, and considered in light of the numerous other procedural safeguards afforded juveniles by the statute, we are satisfied that this statutory authorization of a five-day continuance for the filing of a petition is consistent with fundamental fairness and comports with due process requirements.

■ In the instant case, the government's stated interest in seeking to postpone filing the petition was a desire to interview the hospitalized complainant before drafting charging papers in this case, apparently in order to assure that the charge made was warranted by the facts. We hold that the trial court did not abuse its discretion by detaining T.G.T. without a petition, especially where T.G.T. had *de facto* notice of the charge by reason of his counsel's having been given a copy of the Metropolitan Police Department Juvenile Reporting Form (PD 379), which set forth the police charge, the date and location of the offense, the name and address of the victim, the location of his injuries, and other information. This is a close question, however, and it is clear to us that the court would not have abused its discretion had it denied the requested extension of time to file the petition. This is so because before the detention hearing the government had an adequate factual basis for filing a petition charging T.G.T. with the maximum possible offense chargeable under the circumstances, assault with intent to kill while armed. If necessary, the government could have moved to amend the petition after interviewing the complainant. D.C.Super.Ct.Juv.R. 7(e) (1985). We recognize, at the same time, the government's interest in charging the juvenile respondent correctly rather than overcharging or undercharging him. The Corporation Counsel must comply with D.C.Code § 16–2305(c) (1981) which provides in part: "Each petition shall be prepared by the Corporation Counsel after an inquiry into the facts and a determination of the legal basis for the petition." The serious nature of the circumstances here gave added reason for proceeding with care. The existence of that legitimate government objective prompts us to hold that the trial court did not abuse its discretion in granting the extension.

In reaching our holding in this case, we are cognizant of the dangers inherent in any procedure that would permit a person to be held for up to five days without reasonable notice of the nature of the charges against that person. Our holding does not approve such a practice, and that practice was not followed here. Respondent had a copy of the complaint form, PD 379, which set forth important information relevant to the case and identified the police charge as assault with intent to kill while armed. In this case, the juvenile also had a full probable cause hearing that culminated in a court finding of probable cause as to the charge of assault with intent to kill while armed, and was thereby informed of the circumstances that led the police to prepare the charge. In sum, the procedures followed here assured that the juvenile respondent was notified with reasonable specificity of the nature of the charge on which he was detained.

We hold that due process requires such notice when a postponement of the filing of a petition is authorized by the court. Notice need not be given in precisely the fashion it was given here. The complaint form prepared by the police will usually provide adequate notice. In some instances, a proffer of facts may be necessary. In every case, the notice should be made a part of the record.

For the reasons we have given, we are satisfied that the statute should be construed to give the trial court the discretion to grant a continuance of up to five days for the filing of the petition. In order to secure such a continuance, the government must make a clear showing that the continuance will serve a legitimate government objective. The juvenile respondent may not be detained or placed in shelter care during such a continuance unless a respondent has received reasonably specific notice of the nature of the charges. Because appellant here was afforded the protections

required by the statute and by due process, we deny the motion for summary reversal.

*So Ordered.*